Good afternoon. May it please the court. I'll let her sit down. Go right ahead. Thank you. Good afternoon. May it please the court. My name's Stuart Flinsky. I represent Ellen Vale McDonald, the respondent herein. I'm probably the petitioner. She was the respondent down below. In our briefs, we cite the famous John Lennon case. And in that case, one of the things that the court noted is that subsequent conduct in regards to law can be relevant. And the state of Hawaii voter registration form is freely available on the Internet. And for the convenience of the court, I have downloaded several copies, which I'd be free to give to feel happy to give to the clerk after my argument. I have provided a copy to the government's council. In the record at page 33, there was a newspaper article where the state of Hawaii expressed that they were aware of the problem that occurred as a result of cases like Mrs. McDonald's. And in the current voter registration form, which came out in June 2004, besides being in bigger print on the magic three questions, it has a warning in large print. Read carefully. Mark appropriate yes or no and sign below. That wasn't present on the form that she signed. And then as to the question, I am a citizen. Her registration was done manually. It was done manually to online or something like that. OK. It still has to be done manually. However, the form is available on the Internet and can be freely printed out. And this is to clear up in my own mind, counsel. When my understanding is you register to vote in connection with obtaining a driver's license. Correct. Hawaii's motor voter law. The motor voter law. Yes. Was that done in person? That was done in person. And that's right. Yeah. Today it can be done by mail. I have no idea if it could have been done then. But I would just like to point out that they not only do they put the warning I just read on the form that's in the record for Mrs. McDonald. Item A was I'm a citizen of the United States. And that was it. It now says I am a citizen of the United States of America. Parentheses non-U.S. citizens, including U.S. nationals, underline do not underline qualify. Now, in light of the immigration judges comment on Mrs. McDonald's level of education and that she was able to answer complicated questions correctly. Well, rather than just the simple I'm a U.S. citizen, which I will submit is a term of art. What proof was before the immigration judge that your client knew, as opposed to should have known, but knew she was ineligible to vote? I believe they were relying on the voter registration form itself, which had investigator Laysak spoke about the question. I am a U.S. citizen, which was clear to him. And not really relevant. I have to know Bob Laysak from when he worked here. He's a very honest man, and I give him credence that it was clear to him and it's clear to me. I'm trying to make clear in my own mind that there is a difference between new and should have known. Correct? Absolutely, Your Honor. And I looked at the record in this case, and it looks to me like the I.J. had should have known proof and, in fact, applied a should have known standard. But there was very little, if any, proof that she actually knew she was ineligible to vote. I would say that there was no proof other than the fact if you were to say the form was clear and it was before her and she signed it. And then you get down to the question is the statement. I am a citizen. What does that mean? And also your questions will go into, you know, the Hawaii revised statute, which adopted the model penal code. And I will admit that was an issue I wasn't too clear on in my briefs. Because I'll admit to the court I'm semi literate in model penal code. And that goes back to first year criminal law from 30 years ago. But in preparing for today, what I realized is the judge engaged in a tautology. The model penal code and Hawaii revised statute 702-205 says there are three types of elements to a crime. There is conduct, which in this case was voting. Did Mrs. McDonald knowingly vote? Of course. Fact. She intended to vote. We have no trouble with that. Element two. Attendant condition. Not eligible to vote. Now, that's where we have the issue and we say perhaps she was negligent, probably negligent, perhaps reckless, but not knowing. Now, the third possible element in a crime is the result of the conduct. I aim a gun at my learned colleague there. I pull the trigger. The crime depends on whether I hit or miss. That's the result. You probably committed a crime by pointing it. I said what crime? I think I committed a crime just possessing it in this particular building. But that goes to the result of the conduct for voting. Knowingly voting. She did. And if she knowingly was aware that she wasn't allowed to vote, the crime was complete. There is no result required. Now, why is this important? The practically certain language quoted by the judge emphasized in the government's brief applies only to the result. So what we have here was the judge, the immigration judge said by voting, she made it practically certain that she would vote. This doesn't tell us anything. This is the dispositive issue, isn't it? It's the narrowest dispositive issue. Yes. Why don't we hear from the government on this point and get back up? You've got lots of time left and you've got anything further you want to point at. You can, but let's hear from the government on this. Thank you, Your Honor. Thank you. Nancy Friedman correspondent. Same question. Same thing. What proof was there that she was aware she was ineligible to vote when she that she actually knew she was ineligible to vote when she voted? OK. I think the only way we can try to answer that is by looking at what what Mrs. McDonald did and said herself. And I also went through the record as carefully as I could to compare what she testified to as to what she in her mind believed at various times, because to determine that she knew she was ineligible to vote, which is what you're asking me, that's the only thing I could think of to do. And if we want to look at her testimony regarding the time she votes and what what she believed was the case at that time, I have to look at page 163 of Mrs. of the transcript and Mrs. McDonald's testimony. Counsel asks, so at this time you knew you were not a citizen? Yes. OK, but you thought you could vote? Yes. Even though you're not a citizen? Yes. And then the counsel asked about the three separate requirements to add up to eligibility to vote. Now, Ellen, on the back of the card, under the heading attention voter, it says to be eligible to vote, you must meet the following. Be a U.S. citizen, be a legal citizen of the state of Hawaii, and be at least 18 years of age. Now, how do you read this? Answer, I thought that either one of those was OK. And on the next page, it continues, you thought you could vote even though you were not a citizen? Yes. So to try to get back and answer your question. Well, to put this in context, she said that when she checked the form that said you're a citizen, she was laboring under the impression. An impression, my hunch, is a lot of people out on the street might have, and that is being married to a U.S. citizen, that she might automatically become a citizen. I absolutely don't disagree with that, Your Honor. I think, as you say, probably most people do. And to take it a step further, if all that had happened in this case was that on some form or another she had checked yes in response to the answer, the question, are you a U.S. citizen, we wouldn't be here today, would we? I don't disagree with that. It's the fact that she voted. Absolutely. And in between checking the box that said, yes, I'm a U.S. citizen, her testimony was that she received a form from the Elections Department of Hawaii, and on this one, after talking it over with her husband, told them, no, I'm not a citizen, and sent it back, and they sent her back a voter registration card.  That was her testimony. The problem that I want to point out with that particular little aspect of the case is that, referring to what she called a yellow postcard that came in the mail and that she and her husband say they checked, they talked about it, and they said, well, we're not quite sure, and checked off not a citizen, the petitioner herself, in the record, says that they checked with the city election board or the election commission, and they don't send out any such form. So whether it came from some other group or whether she was mistaken, we don't know. In other words, that's not in the record. Does it make any difference in the context of this case that we are not dealing with a conviction? I don't think it does, no. We're not talking about whether Mrs. McDonnell was convicted of anything, because what the INA says doesn't rely on a conviction. 237-6-8. I understand that it would be a simpler case if the law said if you vote and you're not a citizen, you're out. Sure it would. That's not what it says. That's not what it says. You're correct. It would be easier. It says any alien who has voted in violation of any federal, state, et cetera. So it's hard, because obviously we're looking at the Hawaii statute. The state of Hawaii was aware of these events, weren't they? Hawaii was aware of, excuse me? The fact that Mrs. McDonnell voted. Hawaii was aware of the fact that she voted. I'm not sure I understand. I guess the question is, was she ever prosecuted? Not to my knowledge. In fact, she wanted to put on testimony from a former prosecutor that they would never prosecute a case like this. I think she did want to put on some testimony, yes, that was not relevant and wasn't included. This really puzzles me why the United States brought this case. Do you have any explanation? My answer to the question would be, referring back to what Congress wrote. I know. I know it's there in the law, but do you ever use some discretion? Sure. Congress attorneys all the time exercise discretion as to when or when not to prosecute. Do you in the Immigration Department ever exercise discretion? Well. You don't have to follow up on everything. I understand. You're correct, Myron. Yes. Did you talk about this case to somebody in your department? Why are we doing this? Absolutely. And somebody gave you a reasonable answer? Well, what we're doing was defending the decision of the board. Oh, yes. You're breaking up a family. You're persecuting somebody who made an innocent mistake. You say you're living up to the law. Well, Your Honor. It doesn't seem very reasonable or very discretionary. Well, I understand the result is harsh. I understand that. Absurd. Absurd. I can only refer back to the fact that Congress considered voting as a privilege of U.S. citizenship to be sacred. I mean, obviously you've been sent out here. You've got to do your duty as a good soldier, but just think about it when you go back. All the time laws in the United States are violated. A U.S. attorney gets the information and says it doesn't make any sense to prosecute this crime. It's absurd. Nobody would want to do it. And that's the way Hawaii felt about the state statute. So the fact that you have the letter of the law doesn't mean you have to do it. That's correct, Your Honor. All right. Does the Court have any other questions? No, we don't. We understand you had a difficult case to defend. I appreciate it. Excuse me? I'm sorry. I didn't hear you. Is the term citizen a legal term? Sure. And the government expects everybody to understand what citizen means. Well, it is. Even though they're not a lawyer, even though they may be uneducated. Right. But they are under the law required to know what it means. That's right. I mean, everyone who lives here is charged with knowing all kinds of things, even though they're not lawyers. You know, ignorance of the law, et cetera. So just to conclude, Your Honor, I don't think that we can get away from it. But she was a citizen because she was married to a citizen. Well, I have to get back to the fact that Mrs. McDonald did conclude she was not a citizen. I mean, after all — She didn't conclude that she wasn't. Not her. So did she. She testified. She testified to that, that she understood she was not a citizen. I don't think we can argue about that. I think we can argue about, you know, whether she knowingly voted in violation of statute. That's a different question. But Mrs. McDonald testified she knew she was not a citizen, and a year later she filed an application to naturalize. I mean, these events coincide with her going from being a conditional resident to being a legal permanent resident, and then, you know, taking on her own initiative the action of filing a naturalization application. Obviously, she didn't do that if she believed she was a citizen. We understand your point. Thank you, Your Honor. Thank you for coming here today. Now, you have a choice. I will not take 13 minutes, Your Honor. Well, the choice is whether you want to take any minutes. Just two comments. Can't resist, can you? Yes, I would like to make a couple comments. Why? I think Judge Noonan brought up a very interesting point, which I think I can answer. Do you try cases? Yes. And civil cases? I am very aware of the principle one can say too much. I do try cases in immigration court all the time. Okay. You've had three warnings. You go right ahead. Okay. No, I'll just limit it to Judge Noonan's question. The way things work in immigration court, it isn't the equivalent of the U.S. attorneys who determine whether to file charges or not. It is the enforcement agency, and then the U.S. attorneys have to defend that. There's one circuit where that's different, and that's the Second Circuit, where assistant U.S. attorneys deal with these cases and decide which ones should go forward and which ones shouldn't. You're correct. Your Honor, I'm talking on the ‑‑ I'm very well aware of that. I'm talking about the administrative level. I still call them trial attorneys. The nickname T.A. still sticks. And they do not make the choice as to what cases are brought. And with that, I'm willing to submit, Your Honor. Thank you. Thank both counsel for your arguments. The case just argued will be submitted for decision. We'll proceed to the last case on the calendar, which is Wang. Why don't you consult with Ms. Friedman? If she has no objection to our considering that form, then you can give it to the courtroom deputy. If she has an objection, it's not part of the record, and we'd just as soon not consider it. So I'd leave that up. You can consult with her in the hallway. Thank you, Your Honor. Thank you.
judges: Ferguson, Noonan, Hawkins